## 7512

### STATE v. BURRISS.

1. BURGLARY—NEW TRIAL.—There is evidence here to sustain the verdict of entering a dwelling in the night and stealing therefrom. In such case at law this Court cannot review the action of the Circuit Court in refusing a new trial.
2. EVIDENCE.—The prosecutor having sworn that his money had been stolen from his trunk, it was not error to rule out a question seeking to ascertain if he had not lost it in gambling.

Before DANTZLER, J., Anderson, June, 1909. Affirmed.

Indictment against Watt Burriss. From sentence, defendant appeals.

*Mr. R. Pringle Clinkscales,* for appellant, cites: *When is the right time:* 3 Green., sec. 75 ; 16 Ency., 707 ; Bish. Cr. L., sec. 101. *Discrediting witness:* 52 S. C., 535.

*Solicitor P. A. Bonham,* contra.

March 21, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The defendant was convicted of burglary and larceny, and appeals on exceptions to the rulings of the Circuit Court: 1. In refusing his motion for a new trial, made on the ground that there was no evidence that the breaking and entering charged was done in the night time, and because the evidence that it was done in the night time was legally insufficient, in that it was circumstantial, and did not exclude every other reasonable hypothesis. 2. In sustaining the solicitor's objection to the following question, propounded to the prosecutor on cross-examination: "Instead of Watt Burriss getting that fifteen dollars, didn't you gamble it away?"

There was testimony that the prosecutor's dwelling house was broken and entered between 8 o'clock after dark, one night in February and sunset the next day, and that a trunk therein was broken open, and money and other articles stolen from it. The room in which the trunk was had glass windows, which made the use of artificial light unnecessary in the day time. Burnt match sticks · were found in and around the trunk, which were not there when the prosecutor left home The defendant was arrested within two days after the burglary, and some of the stolen goods were found on this person. Tracks corresponding in size to his shoe were found leading to the prosecutor's house, and from it in the direction of the defendant's home, which was from a half to three-quarters of a mile away. When arrested defendant made contradictory statements as to his whereabouts on the night of the burglary. He was

seen about a mile from his home, and going in that direction that night.   His mother testified that he came home that night about nine o'clock, and went to bed half an hour later, and remained there the balance of the night; that they slept in different rooms, and he might have gone out during the night.

The foregoing statement of the testimony shows that the first two grounds of appeal cannot be sustained.   Where there is any testimony to sustain a verdict, this Court cannot review the action of a Circuit Judge in refusing a new trial in a law case.

There was no error in excluding the answer to the question asked the prosecutor, as to whether he had not lost the money gambling.   He had already testified that it had been stolen from his trunk.

Judgment affirmed.